IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANNY ARSENO WALKER,

    Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　No. 1:17-cv-01201-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING MOTIONS FOR STATUS UPDATE
AND
FOR EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

On October 23, 2017, Petitioner, Danny Arseno Walker, filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)  In compliance with the Court's October 31, 2017, order (*see* D.E. 3), Respondent, United States of America, filed an answer to the Petition, (D.E. 7).  On August 26, 2019, Petitioner submitted a motion for a status update, (D.E. 11), and a document styled "Motion to Take Judicial Notice and Motion for Appointment of Counsel," (D.E. 12).  For the following reasons, the motions are DENIED.

On September 30, 2019, the Clerk of Court mailed a copy of the docket sheet to Walker. The motion for a status update is therefore DENIED as moot.

In his "Motion to Take Judicial Notice and Motion for Appointment of Counsel," Petitioner requests an evidentiary hearing on the issue of whether he is entitled to resentencing on the basis of the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (*en banc*), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019).  (D.E. 12 at PageID 62–64.)  He also

asks that the Court appoint counsel to represent him at the hearing. (*Id.* at PageID 65.) For the following reasons, these requests are DENIED.

In his federal criminal case, Walker pleaded guilty to one count of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*United States v. Walker*, No. 1:15-cr-10095-JDB-1 ("No. 15-cr-10095"), D.E. 196 (W.D. Tenn. May 5, 2016).) At sentencing, he was determined to be a career offender under § 4B1.1 of the United States Sentencing Commission Guidelines Manual (the "Guidelines"), based on two Tennessee convictions for possession of more than .5 grams of cocaine with intent to sell. (*Id.* at D.E. 309 at PageID 1039–40; Presentence Report ("PSR") at ¶¶ 28, 38, 39.) His advisory Guidelines' imprisonment range was 151 to 188 months. (PSR at ¶ 73.) The Court imposed a sentence of 151 months along with three years of supervised release. (No. 15-cr-10095, D.E. 297.) Walker took an unsuccessful direct appeal. (*Id.*, D.E. 311.)

Nearly two years after Walker's judgment of conviction became final, the Sixth Circuit, sitting *en banc*, held in *Havis* that "delivery" of a controlled substance under Tenn. Code Ann. § 39-17-417(a) is broader than the Guidelines' definition of a controlled substance offense. *Havis*, 927 F.3d at 385–87. Petitioner argues that he is entitled to an evidentiary hearing to determine whether he no longer qualifies as a career offender after *Havis*. (D.E. 12 at PageID 62–64.) The argument is misplaced.

Petitioner has not brought a claim under *Havis* nor has he sought leave to amend the Petition to assert such a claim. *See* Fed. R. Civ. P. 15(a)(2). On that basis alone, he is not entitled to an evidentiary hearing or appointment of counsel.

But even if the claim were properly before the Court, the requests would be denied. In the Sixth Circuit's recent decision of *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019), the § 2255

petitioner challenged the district court's use of his "Arizona conviction for attempting to sell cocaine" to qualify him as a career offender. *Bullard*, 937 F.3d at 657. In support, he invoked the Sixth Circuit's *en banc* decision in *Havis*, 927 F.3d 382. *Bullard*, 937 F.3d at 656. The court held that the petitioner could not rely on *Havis* to seek resentencing under § 2255 because the claim was not cognizable in such a proceeding:

> [We] repeat what we said in *Snider* [*v. United States*, 908 F.3d 183 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1573 (2019)]: "[a] misapplication-of-an-advisory-guidelines-range claim is . . . not cognizable under § 2255." 908 F.3d at 191. Indeed, every circuit to "look[] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations." *Id.*; *see also, e.g.*, *Foote*, 784 F.3d at 932 (same); *Spencer*, 773 F.3d at 1135 (same); *Hawkins v. United States*, 706 F.3d 820, 824–25 (7th Cir. 2013) (same); *Sun Bear v. United States*, 644 F.3d 700, 704–06 (8th Cir. 2011) (*en banc*) (same); *United States v. Williamson*, 183 F.3d 458, 461–62 (5th Cir. 1999) (same). As a result, Bullard cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines. Both are best left for direct review.

*Bullard*, 937 F.3d at 660–61.

Because a claim under *Havis* in the present case would, as in *Bullard*, challenge the Court's application of the advisory Guidelines, it would not be cognizable under § 2255. Petitioner's request for an evidentiary hearing and appointment of counsel to pursue such a claim under *Havis* is, therefore, not well-taken. The motion is DENIED.

IT IS SO ORDERED this 20th day of December 2019.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE