IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DANNY ARSENO WALKER,

    Petitioner,

v.                                        No. 1:17-cv-01201-JDB-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Danny Arseno Walker,[1] has filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.)[2] For the following reasons, the Petition is DENIED.

BACKGROUND

In November 2015, a federal grand jury for the Western District of Tennessee returned a five-count indictment charging Walker and others with controlled substance offenses. (*United States v. Walker*, No. 1:15-cr-10095-JDB-1 (W.D. Tenn.) ("No. 1:15-cr-10095-JDB-1"), D.E. 2.) Pursuant to an agreement with the Government (D.E. 197), Walker pleaded guilty on May 5, 2016, to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1). (*Id.*, D.E. 308 at PageID 1003.) He also waived his right to appeal his conviction and sentence, with three exceptions: if the sentence imposed exceeded the twenty-year statutory maximum, if the sentence

---

[1] The Court will refer to Walker as "the Defendant" in its discussion of the underlying criminal case.

[2] Unless otherwise noted, record citations are to documents filed in the present case.

was an upward departure from the Guidelines range determined by the Court at sentencing, or if the Government appealed. (*Id.*, D.E. 197 at PageID 372-75; *id.*, D.E. 308 at PageID 1009-08, 1013-14.) In return, the Government agreed to dismiss the remaining counts in the indictment at the time of sentencing. (*Id.*, D.E. 197 at PageID 372).

In preparation for sentencing, the probation officer advised that the Defendant was a career offender under § 4B1.1 of the United States Sentencing Commission *Guidelines Manual* ("U.S.S.G" or "Guidelines"), based on two Tennessee convictions for possession of cocaine with intent to deliver or sell. (Presentence Report ("PSR") at ¶¶ 28, 38, 39.) His advisory Guidelines imprisonment range was determined to be 151 to 188 months. (*Id.* at ¶ 73; No. 1:15-cr-10095-JDB-1, D.E. 309 at PageID 1040.) At the sentencing hearing on November 1, 2016, the Court made a finding that the Defendant was a career offender and imposed a bottom-of-the-range sentence of 151 months' incarceration, and three years of supervised release. (No. 1:15-cr-10095-JDB-1, D.E. 309 at PageID 1039-40, 1044.) The Court also found that Petitioner knowingly and voluntarily waived his appeal rights. (*Id.*, D.E. 309 at PageID 1046.)

Defense counsel continued his representation on appeal. The United States, which did not appeal, filed a motion to dismiss Walker's appeal on the ground that the appeal waiver barred the action. The appellate court granted the motion, finding that "Walker's sentence does not exceed the statutory maximum and is not the result of an upward departure from the guideline range." (*Id.*, D.E. 311 at PageID 1050.)

DISCUSSION

Walker filed the Petition on October 23, 2017. He asserts that his Tennessee drug convictions do not qualify as career offender predicates (Claim 1) and that counsel was ineffective "during the plea, [at] sentencing [and] on appeal" by failing to raise the issue (Claim 2). (D.E. 1-

2

1 at PageID 11.) He also posits that counsel was ineffective on appeal "by failing even to file a reply to the Government's" motion to dismiss (Claim 3). (*Id.*) The Court ordered Respondent, United States of America, to respond to the Petition, and granted the inmate leave to file a reply within twenty-eight days of service of the response. (D.E. 3.) On January 5, 2018, the Government filed a response to the Petition (the "Response"), arguing that the inmate is not entitled to relief on any of his claims. (D.E. 7.) Petitioner filed a reply (the "Reply") on July 1, 2019, more than one-year beyond the time allowed for doing so. (D.E. 10.) He maintains that Claims 1 and 2 are meritorious under recent Sixth Circuit case law.

I.     Legal Standards

　　A.  Section 2255

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted). "In reviewing a § 2255 motion in which a factual dispute arises, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (internal quotation marks omitted). "[N]o hearing is required," however, "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.* at 333. A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

"[T[he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" to excuse the procedural default.

*Massaro v. United States*, 538 U.S. 500, 504 (2003) (citing *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *Bousley v. United States,* 523 U.S. 614, 621-22 (1998)).  "[A]n appeal-waiver provision in a plea agreement does not provide good cause to excuse a defendant's procedural default."  *United States v. Brown*, No. CR 18-20196, 2020 WL 6043788, at *2 (E.D. Mich. Oct. 12, 2020) (citing *United States v. Cooper*, No. 08-cv-20464, 2012 WL 12706, at *9 (E.D. Mich. Jan. 4, 2012); *Bryant v. United States*, No. 2:06-cv-210, 2007 WL 4376099, at *5 (E.D. Tenn. Dec. 13, 2007); *Owens v. United States*, No. 4:06-cv-123, 2007 WL 1041121, at *6 (W.D. Mich. Apr. 4, 2007)).

    B.  <u>Ineffective Assistance of Counsel</u>

A claim that an attorney's ineffective assistance has deprived a criminal defendant of his Sixth Amendment right to counsel is controlled by the standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984).  To succeed on such a claim, a petitioner must demonstrate two elements: (1) "that counsel's performance was deficient"; and (2) "that the deficient performance prejudiced the defense."  *Id.* at 687.  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Id.* at 686.

To establish deficient performance, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  A court considering a claim of ineffective assistance must apply "a strong presumption" that the attorney's representation was "within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* at 689 (internal quotation marks and citation omitted).

An attorney's "strategic choices" are "virtually unchallengeable" if based on a "thorough investigation of law and facts relevant to plausible options . . . ." *Strickland*, 466 U.S. at 690. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91.

To demonstrate prejudice, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 693) (citations omitted). Instead, "[c]ounsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Id.* (quoting *Strickland*, 466 U.S. at 687).

II.     Claim 1

In his brief in support of the Petition, Walker argues that his two Tennessee convictions for possession with intent to deliver or sell cocaine, in violation of Tenn. Code Ann. § 39-17-417(a)(4),[3] do not qualify as career offender predicates. He maintains that, under the methodology set forth in the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), the Tennessee statute, "which makes it a crime to possess a controlled substance . . . with the intent to manufacture, deliver, or sell it, is not divisible as between the various means of committing the

---

[3] The Tennessee felony drug statute provides in pertinent part that "(a) It is an offense for a defendant to knowingly . . . (1) Manufacture a controlled substance; (2) Deliver a controlled substance; (3) Sell a controlled substance; or (4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance." Tenn. Code Ann. § 39-17-417(a).

5

offense[.]" (D.E. 1-1 at PageID 10.) He insists that this indivisibility means that the offense is "not categorically [a] 'controlled substance offense[]' under U.S.S.G. § 4B1.2." (*Id.*) In his late-filed Reply, he argues that the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) (en banc) (per curiam), supports his position. In *Havis*, the Sixth Circuit, sitting en banc, "decided that [the defendant's] Tennessee conviction for delivery of a controlled substance was *not* a controlled-substance offense under the guidelines." *United States v. Garth*, 965 F.3d 493, 497 (6th Cir. 2020) (emphasis in original) (citing *Havis*, 927 F.3d at 387). The court "reached that result because 'the parties agree[d] that the least culpable conduct' Tennessee delivery proscribes is 'attempted delivery,' but the guidelines' definition covers only the controlled-substance offenses listed in the definition (which are all completed crimes), not the attempted versions of those offenses listed in the Sentencing Commission's commentary." *Id.* (quoting *Havis*, 927 F.3d at 385, 387.)

Respondent maintains that Claim 1 is procedurally defaulted, non-cognizable, and without merit. The Court agrees.

Under U.S.S.G. § 4B1.1, "[a] defendant is a career offender if," among other things, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

To determine if a conviction constitutes a controlled substance offense, a court must "apply a 'categorical' approach," which focuses on the statute under which the petitioner was convicted,

6

rather than the petitioner's conduct. *United States v. Gibbs*, 626 F.3d 344, 352 (6th Cir. 2010) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). If the statute is "divisible," meaning it describes multiple offenses, the court may "employ the 'modified categorical approach.'" *United States v. House*, 872 F.3d 748, 753 (6th Cir. 2017) (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)). That approach permits the examination of "a limited class of documents" from the defendant's prior criminal case in order "to determine which alternative formed the basis of the defendant's . . . conviction." *Id.* (quoting *Descamps*, 570 U.S. at 257). The Supreme Court in *Mathis* clarified that a statute is divisible if it lists alternative elements, not alternative means of satisfying one or more elements. *Mathis*, 136 S. Ct. at 2249. If the statute lists alternative means, then it is "indivisible," and resort to the limited class of documents is prohibited. *Id.* at 2248.

Under either approach, the "second step" in a court's analysis is to "determine whether the offense, as described either by the entirety of an indivisible statute or by the relevant alternative of a divisible statute, matches §4B1.2(b)'s definition of a 'controlled substance offense.'" *United States v. Pittman*, 736 F. App'x 551, 554 (6th Cir. May 31, 2018). If the elements do not match, the prior conviction cannot be counted toward the defendant's career offender status. *Id.* at 555.

The inmate, here, has procedurally defaulted his claim that his Tennessee possession-with-intent convictions are not controlled substance offenses under the Guidelines. The Supreme Court issued its decision in *Mathis* in June 2016, which was several months before his November 2016 sentencing hearing. A challenge to the career offender designation on the basis of *Mathis* was therefore available to Petitioner at the time he filed his direct appeal. As indicated above, Petitioner's appeal was dismissed on the basis that he waived his appeal rights pursuant to the plea agreement. Because the voluntary waiver cannot serve as cause to excuse the procedural default,

Claim 1 must be dismissed. *See e.g.*, *Brown*, 2020 WL 6043788, at *2 (dismissing procedurally-defaulted claim where petitioner failed to raise claim on direct appeal due to appeal waiver).

! The claim is also subject to dismissal because it is not properly brought in a collateral-review proceeding. In *Snider v. United States*, 908 F.3d 183 (6th Cir. 2018), the Sixth Circuit held that "a non-constitutional challenge to [an] advisory guidelines range . . . is not cognizable under § 2255." *Snider*, 908 F.3d at 189. In *Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019), the court extended that ruling to claims arising under *Havis*:

> [We] repeat what we said in *Snider*: "[a] misapplication-of-an-advisory-guidelines-range claim is ... not cognizable under § 2255." Indeed, every circuit to "look[ ] at the issue has agreed that a defendant cannot use a § 2255 motion to vindicate non-constitutional challenges to advisory guideline calculations."

*Bullard,* 937 F.3d at 660–61 (citations omitted). The *Bullard* court concluded that, "[a]s a result, [the petitioner] [could not] use § 2255—or [the] decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines. Both are best left for direct review." *Id.* at 661.

Even if Claim 1 were cognizable and not procedurally defaulted, no relief would issue. In *Garth*, a post-*Havis* decision, the Sixth Circuit held that the Tennessee crime of possession-with-intent-to-deliver is categorically a controlled substance offense. *Garth*, 965 F.3d at 497-98. The court reasoned that the felony is "a completed crime, not an attempted one that *Havis* puts beyond the guidelines' reach." *Id.* at 497.

Accordingly, Claim 1 is DISMISSED as procedurally defaulted, non-cognizable, and without merit.

III.    Claim 2

Petitioner's assertion in Claim 2 that counsel was ineffective in failing to raise at sentencing the issue presented in Claim 1 is necessarily without merit. For the reasons discussed above,

8

Walker would not have prevailed on the issue had counsel raised it.  He therefore cannot show that counsel's performance was deficient or that he was prejudiced by counsel's conduct.  As Claim 2 is without merit, it is DENIED.

IV.     Claim 3

Petitioner asserts that counsel was ineffective on direct appeal by failing to file a response in opposition to the Government's motion to dismiss the appeal.  Respondent argues that the claim is without merit.

*Strickland*'s two-part test applies to claims of ineffective assistance of appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285-86 (2000).  A petitioner meets the deficient performance prong by "demonstrat[ing] that his appellate counsel made an objectively unreasonable decision by choosing to raise the other issues" instead of the challenged issued, meaning the challenged "issue 'was clearly stronger than issues that counsel did present.'"  *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir. 2009) (quoting *Robbins*, 528 U.S. at 285, 288).  The prejudice prong requires a petitioner to "demonstrate 'a reasonable probability that, but for his counsel's unreasonable failure to' raise th[e] issue on appeal, 'he would have prevailed.'"  *Id.* (quoting *Robbins,* 528 U.S. at 285).

As discussed above, Walker's direct appeal failed when the Sixth Circuit granted the Government's motion to dismiss based on the appeal waiver.  Petitioner's contention in the present matter that appellate counsel was ineffective in failing to file a response to the motion to dismiss is unsupportable.  Walker does not explain what arguments counsel should have advanced in opposing the motion to dismiss, and he cannot dispute that none of the exceptions to the waiver pertained in his case.  He therefore cannot establish that counsel performed deficiently or that he was prejudiced by counsel's conduct.  Accordingly, Claim 3 is DENIED.

For all of these reasons, the Petition is DENIED.

9

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 14th day of January 2021.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.